# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-007-RWS |
| MAIDMOISELLE LEWIS, ET AL., | : | |
| | : | |
| | : | |
| Defendants. | | |

## ORDER

This case is before the Court for consideration of the Reports and Recommendations [44, 45, 50] of Magistrate Judge C. Christopher Hagy. After reviewing the Reports and Recommendations and the Objections thereto, the Court enters the following Order.

## Background[1]

Defendant Maidmoiselle Lewis is charged in the indictment with four counts of possession of a firearm by an unlawful alien, in violation of Title 18, United States Code, Section 922(g)(5). Defendant Noel Newton Robinson is

---

[1] The background is taken verbatim from Judge Hagy's Report and Recommendation [50] at page 1.

AO 72A
(Rev.8/82)

charged with three counts of possession of a firearm by an unlawful alien, and also with being found within the United States without permission after having previously been deported and removed from the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2), and with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

## Discussion

### I.   Report and Recommendation, Dkt. No. 44

On May 26th, Judge Hagy issued a Report and Recommendation [44] recommending denial of Defendant Lewis's Motion to Dismiss the Indictment [29].  After reviewing the Report and Recommendation [44] and the Objections [47] thereto, the Report and Recommendation is received with approval and adopted as the Opinion and Order of this Court.  As stated in the Report and Recommendation [44], 18 U.S.C. § 922(g)(5) is not unconstitutional pursuant to the Supreme Court's holding in District of Columbia v. Heller, 128 S. Ct. 2783 (2008).  Therefore, Defendant's Motion to Dismiss [29] is **DENIED**.

### II.   Report and Recommendation, Dkt. No. 45

Defendant Lewis is charged with violating 18 U.S.C. § 922(g)(5)(A),

2

which prohibits an alien illegally or unlawfully in the United States from possessing a firearm in and affecting interstate commerce. An alien is illegally or unlawfully in the United States when she is, *inter alia*, "[u]nder an order of deportation, exclusion, or removal, or under an order to depart the United States voluntarily, whether or not he or she has left the United States." 27 C.F.R. § 478.11. According to Defendant, on October 24, 2006, Immigration Judge Wayne Houser, Jr. entered an order for her removal *in absentia*. In or about January of 2007, a warrant for Defendant's arrest stating that she had been ordered removed was issued. Defendant argues that the order for her removal *in absentia* violated her due process rights under the Fifth and Fourteenth Amendments to the United States Constitution because she was not provided with a Notice to Appear for the removal proceedings or written notice of the order of removal, was not informed of her right to representation without cost, her right to appeal the decision, and the consequences of failing to depart, and was not informed of other rights and avenues of potential relief from deportation available to her. Therefore, Defendant argues that the Government is unable to prove that she is an illegal alien because the underlying order of removal against her is invalid, and thus, that the indictment should be

3

dismissed.  In the alternative, Defendant requests that the Court enter an order prohibiting the government from introducing any and all evidence of the Defendant's prior removal proceedings at trial.  On May 27th, Judge Hagy issued a Report and Recommendation [45] recommending denial of Defendant Lewis's Motion to Dismiss the Indictment and/or Motion in Limine [33].

In denying Defendant's Motion, Judge Hagy relied upon the Government's argument that Defendant may not collaterally attack the validity of the removal order in the instant criminal prosecution, and that in order to avoid violating 18 U.S.C. § 922(g), a defendant must clear his predicate status before obtaining a firearm rather than seeking to attack that status subsequently.  This argument relies upon the Eleventh Circuit's decision in United States v. DuBose, 598 F.3d 726 (11th Cir. 2010) and the Supreme Court's decision in Lewis v. United States, 445 U.S. 55, 100 S. Ct. 915, 63 L. Ed. 2d 198 (1980).

In Lewis, the Defendant was found guilty of being a convicted felon in unlawful possession of a firearm.  The question before the Court in that case was "whether a defendant's extant prior conviction, flawed because he was without counsel, as required by Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), may constitute the predicate for a subsequent

4

conviction under" the predecessor to 18 U.S.C. § 922(g)(1), which prohibited any person convicted of a felony from receiving, possessing, or transporting a firearm. Lewis, 445 U.S. at 56. The Court held that a convicted felon may violate the law "prohibit[ing] a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." Id. at 65. The Court determined that under the plain meaning of the statute, "the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action," and that even if the underlying "felony conviction ultimately might turn out to be invalid," the statute prohibited felons from possessing firearms. Id. at 60-61, 62. In DuBose, the Eleventh Circuit relied on Lewis and cases from four other circuits to determine that "the validity of an underlying protective order is . . . irrelevant to a defendant's conviction under Section 922(g)(8)," which prohibits possession of a firearm by a person subject to a domestic violence protective order. 598 F.3d at 732-33.

    Unlike Section 922(g)(8), Section 922(g)(5) does not provide that an alien must have acquired her "illegal or unlawful" status after a hearing with notice and an opportunity to respond. Therefore, Judge Hagy reasoned that the

5

statute provides no support for Defendant's argument that a lack of notice of the removal hearing requires dismissal of the indictment and held that her argument that she was denied due process was an impermissible collateral attack under Lewis and DuBose.  Moreover, the Court reasoned, that if the removal order against Defendant is indeed invalid, she should have challenged the order and cleared her status before obtaining a firearm.  The Court in Lewis stated that the proper relief would have been for the defendant in that case to challenge his felony conviction before obtaining a firearm.  If Lewis and DuBose were the most applicable precedent on point, the Court would deny Defendant's Motion.  However, another decision by the Supreme Court militates against denying Defendant's Motion without first determining whether Defendant's removal hearing violated rights guaranteed by the United States Constitution.

Neither the Defendant nor the Government addressed the Supreme Court's decision in United States v. Mendoza-Lopez, 481 U.S. 828, 107 S. Ct. 2148, 95 L. Ed. 2d 772 (1987), in the briefing on Defendant's Motion to Dismiss the Indictment and/or Motion in Limine [33].  However, Defendant has subsequently raised this decision as a ground for objecting to Judge Hagy's Report and Recommendation [45] and particularly the decision not to grant an

6

evidentiary hearing on the Motion.  The Court in Mendoza-Lopez was presented the question of "whether a federal court must *always* accept as conclusive the fact of the deportation order, even if the deportation proceeding was not conducted in conformity with due process."  481 U.S. at 834 (emphasis in original).  The Court found that neither the language of 8 U.S.C. § 1326 nor its legislative history provided for a collateral challenge to the validity of the deportation order in a proceeding under Section 1326.  Id. at 435-36.  However, the Court noted that this did not end the inquiry, because if "the statute envisions that a court may impose a criminal penalty for reentry after *any* deportation, regardless of how violative of the rights of the alien the deportation proceeding may have been, the statute does not comport with the constitutional requirement of due process."  Id. at 437 (emphasis in original).  The Court noted that its prior decisions "establish that where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be *some* meaningful review of the administrative proceeding."  Id. at 437-38 (emphasis in original) (citation omitted).  The Court held that "[d]epriving an alien of the right to have the disposition in a deportation hearing reviewed in a judicial forum requires, at a

7

minimum, that review be made available in any subsequent proceeding in which the result of the deportation proceeding is used to establish an element of a criminal offense." Id. at 839.

In reaching this conclusion, the Court specifically noted that its earlier decision in Lewis did not control the issues raised in its present case. In rejecting the need for a collateral attack, the Court in Lewis "pointed to the availability of alternative means to secure judicial review of the conviction: '[I]t is important to note that a convicted felon may challenge the validity of a prior conviction, or otherwise remove his disability, before obtaining a firearm.'" Id. at 840 (quoting Lewis, 445 U.S. at 67). The Court in Mendoza-Lopez noted that

> [i]t is precisely the unavailability of effective judicial review of the administrative determination at issue here that sets this case apart from Lewis. The fundamental procedural defects of the deportation hearing in this case rendered direct review of the Immigration Judge's determination unavailable to respondents. What was assumed in Lewis, namely the opportunity to challenge the predicate conviction in a judicial forum, was precisely that which was denied to respondents here. Persons charged with a crime are entitled to have the factual and legal determinations upon which convictions are based subjected to the scrutiny of an impartial judicial officer.

Id. at 841.

AO 72A
(Rev.8/82)

In the present case, Defendant Lewis asserts that she received no notice of the deportation hearing, that an order for her removal was entered *in absentia*, and that she never received notice of this order. If this is the case, Defendant, like the defendants in Mendoza-Lopez, was denied the opportunity to challenge the predicate conviction in a judicial forum. Therefore, the Court will schedule an evidentiary hearing to determine whether Defendant's due process rights were violated by the deportation hearing ordering her removal, and will reserve ruling on the Defendant's Motion [33] until after such hearing.

It should be noted that Congress amended the illegal reentry statute, the statute at issue in Mendoza-Lopez, to limit the ability of a Defendant prosecuted pursuant to Section 1326 to collaterally attack the underlying deportation order. See 8 U.S.C. § 1326(d). In order to collaterally attack the underlying deportation, a defendant alien prosecuted under Section 1326 must demonstrate:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceeding at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

9

AO 72A
(Rev.8/82)

8 U.S.C. § 1326(d).  Assuming, without determining, that these requirements are applicable to a defendant indicted under Section 922(g)(5) who seeks to collaterally challenge the underlying immigration proceeding, Lewis should be allowed to present evidence to demonstrate that she satisfies these three requirements.

### III.   Report and Recommendation, Dkt. No. 50

On June 16th, Judge Hagy issued a Report and Recommendation [50] recommending denial of Defendant Lewis' First Motion to Suppress Evidence and Statements [23, 26].[2]  After reviewing the Report and Recommendation [50] and the Objections [53] thereto, the Report and Recommendation is received with approval and adopted as the Opinion and Order of this Court.  As stated in the Report and Recommendation [50], Defendant's statements prior to her arrest on January 23, 2008, were not made contrary to Miranda v. Arizona, 384 U.S. 436 (1966), and because evidence seized resulted from a consent search, statements made and evidence seized on January 23, 2008, need not be suppressed.  Also, as stated in the Report and Recommendation [50], the

---

[2] Defendant Robinson moved to adopt Defendant Lewis's Motion and Robinson's request was granted.

Defendant gave valid consent to the search that occurred on November 17, 2009, the search warrant used on November 17, 2009 was valid, and statements made by Defendant on November 17, 2009 are admissible. Therefore, Defendants' First Motion to Suppress Evidence and Statements [23, 26] is **DENIED**.

## Conclusion

Defendant Lewis's Objections to the Report and Recommendation on Defendant's Motion to Dismiss the Indictment [47] are **OVERRULED**. Judge Hagy's Report and Recommendation [44] is **ADOPTED**, and Defendant's Motion to Dismiss the Indictment [29] is **DENIED**. Defendant Lewis's Objections to the Report and Recommendation on Defendant's Motion to Dismiss the Indictment and/or Motion in Limine [49] are **SUSTAINED**. The Court will reserve ruling on Defendant's Motion to Dismiss the Indictment and/or Motion in Limine [33] until such time as an evidentiary hearing is held to determine whether Defendant Lewis's due process rights were violated. Defendants' Objections to the Report and Recommendation on Defendant's Motion to Suppress Evidence and Statements [53] are **OVERRULED**. Judge

11

Hagy's Report and Recommendation [50] is **ADOPTED**, and Defendants' Motion to Suppress Evidence and Statements [23, 26] is **DENIED**.

    **SO ORDERED** this __19th__ day of August, 2009.

                                          **RICHARD W. STORY**
                                          United States District Judge

AO 72A
(Rev.8/82)